UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN MUZZY,

    Plaintiff,

v.                                                Case No.: 6:20-cv-960

C & C GLOBAL INVESTMENTS, INC.
d/b/a TROPICAL SMOOTHIE CAFÉ FL210,
and
PETER CHUNG, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **KATHLEEN MUSSY** ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendants, C & C GLOBAL INVESTMENTS, INC. d/b/a TROPICAL SMOOTHIE CAFÉ FL210, and PETER CHUNG, ( "TROPICAL SMOOTHIE", "CHUNG" or "Defendants"), and alleges as follows:

*Introduction*

1.     This is an action by the Plaintiff against her former employer for overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act (the "FLSA"), 29 U.S. C. § 201 et seq.

*Parties, Jurisdiction, and Venue*

2.     Plaintiff, KATHLEEN MUZZY, was a resident of Brevard County, Florida at all times material hereto, and she is *sui juris*.

3.     The acts committed occurred in Indian Harbor Beach, Florida.

4. Plaintiff was a non-exempt employee of Defendants who worked in excess of 40 hours each workweek and was not paid overtime for each hour worked in excess of 40 during a workweek.

5. Plaintiff was a non-exempt, employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

6. Defendant, TROPICAL SMOOTHIE, was conducting business in Brevard County, Florida, and it is *sui juris*.

7. At all times relevant, TROPICAL SMOOTHIE operated as a Café having its principle place of business located at 660 E. Eau Gallie Blvd, Ste. 102, Indian Harbor Beach, FL 32937.

8. At all times relevant PETER CHUNG operated TROPICAL SMOOTHIE.

9. At all times relevant C & C GLOBAL INVESTMENTS, INC. owned the Indian Harbor Beach TROPICAL SMOOTHIE Café.

10. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, as such a three-year statute of limitation applies, pursuant to 29 U.S.C. §§201 et seq.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the authority to grant declaratory relief under the FLSA pursuant to 29 U.S.C. § 201 et seq.

*General Allegations*

12. Plaintiff, KATHLEEN MUZZY started working for Defendants on or about February 22, 2016. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

13. Plaintiff, KATHLEEN MUZZY employment with Defendants ended on or about April 3, 2020.

14. Plaintiff, KATHLEEN MUZZY worked as a non-exempt employee of Defendants at its Indian Harbor Beach, FL location as the General Manager.

15. At all times relevant, KATHLEEN MUZZY regularly worked in excess of forty (40) hours in each workweek but was not paid time and one-half compensation for those overtime hours.

16. Plaintiff was a non-exempt, employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

17. At all times relevant, Defendant, TROPICAL SMOOTHIE, did business as a Café at 660 E. Eau Gallie Blvd, Ste. 102, Indian Harbor Beach, FL 32937.

18. At all times relevant, Defendant, TROPICAL SMOOTHIE, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees engage in interstate commerce and the manufacturer of goods that are shipped to other states travelling in interstate commerce and its annual gross volume of sales made or business done is not less than $500,000.00.

19. Defendants were Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

20. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

21. At all times relevant to this action Defendant, PETER CHUNG owned and operated TROPICAL SMOOTHIE and who regularly exercised the authority to: (a) hire and fire employees of TROPICAL SMOOTHIE (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of

TROPICAL SMOOTHIE, PETER CHUNG is/was an employer as defined by 29 U.S.C. §201, et seq.

22.   During her employment with Defendants, Plaintiff worked in excess of forty (40) hours per workweek without receiving overtime compensation for all hours worked in excess of forty (40). Despite the hours worked by Plaintiff, Defendants willfully, in bad faith and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay her overtime compensation.

23.   Under the FLSA Defendants are required to keep accurate records of the Plaintiff's hours worked and wages earned. Defendants only partially kept some records. The time which Plaintiff spent at home doing the books, schedule and other tasks for the sole benefit of Defendants, was not compensated.

24.   Defendants have failed to make, keep, and preserve records with respect to Plaintiff, sufficient to determine her wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

25.   All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

26.   Plaintiff retained the undersigned counsel and has agreed to pay a reasonable fee for all services rendered.

27.   Defendants' unlawful conduct has been widespread, repeated and consistent.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint, as if set forth in full herein.

29. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA's overtime provisions.

30. Defendants willfully and intentionally refused to pay Plaintiff overtime pay for all of those hours worked in excess of forty (40) in a workweek.

31. At all times relevant, KATHLEEN MUZZY regularly worked in excess of forty (40) hours in each workweek.

32. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per week.

33. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

34. Defendants did not compensate Plaintiff for all overtime hours worked.

35. Plaintiff, KATHLEEN MUZZY routinely worked in excess of forty (40) hours a week and only received her regular rate for the time worked.

36. During her entire employment with Defendants, Plaintiff, KATHLEEN MUZZY worked an average of fifty-five (55) hours per week.

37. Defendants either knew from prior experience or recklessly failed to investigate whether its failure to compensate Plaintiff for all hours worked violated the Federal Wage Laws of the United States.

38. Defendants did not have a good faith basis for their decision not to pay Plaintiff her full overtime compensation.

39. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. Plaintiff is entitled to a back-pay award at her overtime rate for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

41. Because Defendants violation of the FLSA has been willful, therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. §201 *et seq.*

42. As a result of Defendants blatant violations of the FLSA, the Plaintiff has been damaged.

43. For a couple of months, Plaintiff has exhaustively tried to work with Defendants' counsel to resolve the claims of Plaintiff, but has been unable to due to untimely responses which were deemed by the undersigned to be stalling-tactics of Defendants which in effect, were reducing Plaintiff's damages be expiring some of her wage claims from prior years.

**WHEREFORE** Plaintiff, KATHLEEN MUZZY demands the entry of a judgment in her favor and against Defendant, C & C GLOBAL INVESTMENTS, INC. d/b/a TROPICAL SMOOTHIE CAFÉ FL210, and PETER CHUNG, after trial by jury and as follows:

a. That the Court declares that the FLSA requires Defendant to compensate Plaintiff from the overtime hours worked, which remains unpaid;

b. Unpaid overtime wages found to be due and owing;

c. An additional and equal amount of liquidated damages;

d. An award of reasonable attorney's fees and all costs incurred herein; and

e. All other damages to which Plaintiff may be entitled

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 3rd day of June 2020.

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Maurice Arcadier, Esquire*
Maurice Arcadier, Esquire

        Florida Bar No. 0131180
        Joseph C. Wood, Esquire
        Florida Bar No.: 0093839
        2815 W. New Haven, Suite 304
        Melbourne, Florida 32904
        Primary Email: office@abwlegal.com
        Secondary Email: arcadier@abwlegal.com
        Phone: (321) 953-5998
        Fax: (321) 953-6075